**DRI INDUSTRIES, INC.,**
**Plaintiff-Appellant,**

v.

**The UNITED STATES,**
**Defendant-Appellee.**

No. 87–1301.

United States Court of Appeals,
Federal Circuit.

Oct. 28, 1987.

Peter Jay Baskin, Sharretts, Paley, Carter & Blauvelt, New York City, argued for plaintiff-appellant.

Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Dept. of Justice, New York City, argued for defendant-appellee. With him on the brief were Richard K. Willard, Asst. Atty. Gen. and David M. Cohen, Director.

Before NIES, BISSELL and ARCHER, Circuit Judges.

ARCHER, Circuit Judge.

DRI Industries, Inc. (DRI) appeals from the judgment of the United States Court of International Trade in *DRI Industries, Inc. v. United States*, 657 F.Supp. 528 (CIT 1987) (Carman, J.), sustaining the classification by the United States Customs Service of the tool chest portions of "Tool Lockers" (i.e., tool chests and cabinets) imported by DRI as "luggage" under item 706.62 of the Tariff Schedules of the United States (1983) (TSUS). We affirm.

The classification of DRI's tool chests as luggage depends on whether they are encompassed within the definition set forth in TSUS Schedule 7, Part 1, Subpart D, headnote 2(a)(ii), which reads:

2. For the purposes of the tariff schedules—

(a) the term *"luggage"* covers—

\* \* \* \* \* \*

(ii) brief cases, portfolios, school bags, photographic equipment bags, golf bags, camera cases, binocular cases, gun cases, occupational luggage cases (physicians', sample, etc.), and like containers and cases designed to be carried with the person, except handbags as defined herein.

One of the findings of the trial court, which is not contested, was that the tool chests are " 'designed to be carried with the person' from place to place or job to job, around or outside the home." 657 F.Supp. at 533. The trial court also determined that DRI's tool chests had characteristics in common with the enumerated articles in

headnote 2(a)(ii) and were properly classified with them under the *ejusdem generis* rule of statutory construction.

DRI challenges the court's determination on two grounds. First, it argues that "use in connection with travel was *the* one common, essential characteristic of *all* the exemplars listed in headnote 2(a)(ii)" and, second, it contends that "[t]he trial court erred as a matter of law by not holding that headnote 2(a)(ii), *supra,* excludes articles which were primarily designed for a purpose other than that of being carried with a person from one place to another location."

With respect to DRI's first argument the trial court's opinion pointed out that headnote 2(a)(i) has the qualifying word "travel" in its provisions, but that this word is entirely missing in headnote 2(a)(ii). For the reasons stated by the court, it correctly determined that a "travel requirement" was not intended by Congress for articles covered by headnote 2(a)(ii).

DRI's second argument is similarly unconvincing. We agree with the trial court that there is no primary design requirement in headnote 2(a)(ii) and that portability of the tool chests is not the only design factor to be examined. The trial court did not err in determining that the tool chests had "characteristics in common with the enumerated articles." 657 F.Supp. at 533.

Accordingly, the judgment of the Court of International Trade is affirmed on the basis of its opinion.

AFFIRMED.