E.C. McAFEE & CO. A/C ROLYKIT DIV. OF HAGEMEYER (CANADA), LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83–05–00772

(Decided July 19, 1988)

*Fitch, King and Caffentzis*, (*James Caffentzis*), for the plaintiff.
*John R. Bolton*, Assistant Attorney General, Civil Division; *Joseph I. Liebman*, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice (*Barbara M. Epstein*), for the defendant.

### MEMORANDUM OPINION AND ORDER

CARMAN, *Judge:* This action involves the proper classification of two items designated as two types of cases, models S11 and S14 Rolykits® (Rolykits), which are designed as compartmentalized storage containers that roll up and lock in place to hold secure those various and myriad items stored in the compartments (see photo *infra*). Plaintiff, E.C. McAffee & Co. (plaintiff), challenges the United States Customs Service's (Customs) classification of the subject mer-

chandise upon liquidation as "Luggage and handbags * * *. Of other material * * *. Other * * *. Other," under item 706.62, Tariff Schedules of the United States (1981 & 1982), (TSUS), at 20 percent *ad valorem*.

The Court sustains Customs' classification of the merchandise, and assessment of duty thereunder, under item 706.62, TSUS, as like articles to those enumerated under headnote 2(a)(ii) of the tariff definition of "luggage".

## FACTS

The parties have stipulated and agreed upon a statement of facts submitted to the Court for decision in lieu of trial. The following is a recitation, in pertinent part, of the parties' stipulation:

IT IS STIPULATED AND AGREED between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court:

A. That the sole issue before this Court is whether the Rolykit®, Model S11 and S14, were correctly classified by the Customs Service as "luggage" of plastics under item 706.62, TSUS. Plaintiff contends that the articles are correctly classifiable as "articles not specifically provided for, of * * * plastics, * * * other" under item 774.55, TSUS.

B. Plaintiff has abandoned its claim for classification under item 772.15, TSUS inasmuch as it has insufficient evidence to establish that the merchandise is chiefly used in the household.

C. That this issue is being submitted to the Court on the following agreed facts:

1. The merchandise in issue consists of Models S11 and S14 Rolykit® plastic containers.

2. The Model S11 Rolykit® has a hexagonal configuration measuring approximately 7¼" × 8¼" × 10¾" with eleven separate compartments. When unfolded, the unit measures approximately 3'6".

3. The Model S14 Rolykit® has a hexagonal configuration measuring approximately 8¼" × 9½" × 10¾" with fourteen separate compartments. When unfolded, the unit measures approximately 4'10".

4. Each model contains plastic dividers which can be utilized by the user to subdivide the compartments. This is accomplished by inserting the divider into the appropriate slots located in the compartments.

5. The merchandise in issue automatically locks as it is rolled up, and each compartment is sealed so completely that, regardless of its postion [sic], the contents of the merchandise remain in their individual section(s).

6. As illustrated by the wrapper which accompanies the merchandise (Exhibit 2), the merchandise is advertised by plaintiff as a "portable storage system." The articles most frequently advertised by plaintiff as being contained in the merchandise at issue are tools and hardware.

7. The Rolykits® have a sunken hand-grip formed therein which (a) permits them to be picked up and carried in the rolled-up state, and (b) ensures that in setting them down they are in the correct position for opening.

8. The merchandise in issue is primarily sold in hardware stores or in the hardware section of department store(s).

D. That the entry papers and the following exhibits attached to the Stipulation are deemed admitted into evidence and may be considered by the Court without further foundation being laid:

Exhibit 1: A sample of the Rolykit® Model S11.
Exhibit 2: Packing sleeve or wrapper for Exhibit 1.
Exhibit 3: Patent No. 4,320,846 of March 23, 1982.

E. Defendant agrees that the patent is authentic, but does not concede that statements made or terms used in a patent are material, relevant, or probative for tariff purposes.

F. That to the extent necessary the pleadings hertofore filed are deemed amended to conform with this Stipulation.

G. That this civil action be submitted for decision on the above stipulation in lieu of trial.

Stipulation Upon Agreed Statement of Facts in Lieu of Trial, *E.C. McAfee & Co.* v. *United States,* Court No. 83–05–00772.

DISCUSSION

The merchandise at issue is represented below by a facsimile of a portion of Exhibit 2:

ROLYKIT ®

The revolutionary portable storage system

Portable, compact, and sturdy.

Hardware & small tools, plumbing, electrical, sewing, odds'n ends, fishing, first aid, hobbies.

The items at issue are odds and ends kits which can be rolled out to a flat rectangular shape revealing segmented compartments of the "device for storing or packing loose objects [* * * in a] plurality of container elements * * *." U.S. Patent No. 4,320,846 of March 23, 1982 at column 1. (Exhibit 3)

The parties agree the question at issue is whether or not the Rolykits are "luggage", as defined in Schedule 7, Part 1, Subpart D, headnote 2(a)(ii)[1] of the tariff schedules; and as set forth in the provisions of item 706.62, TSUS,[2] at a duty rate of 20 percent *ad valorem.*

---

[1] 1. Schedule 7, Part 1, Subpart D, item 706.62 provides in pertinent part:
Luggage and handbags, whether or not fitted with bottle, dining, drinking, manicure, sewing, traveling, or similar sets; and flat goods:

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |
| Of other material: | | | | | | |
| * | * | * | * | * | * | * |
| Other: | | | | | | |
| * | * | * | * | * | * | * |

706.62 Other.............................................. 20% ad val.

[2] Headnote 2(a)(ii), sets forth:

Plaintiff argues the imported goods are neither luggage nor items that are *ejusdem generis* with those items listed as exemplars under Headnote 2(a)(ii), TSUS. Plaintiff contends the items at issue are not specifically included within the listed articles covered under the definition of "luggage" set forth in Headnote 2(a)(ii) and therefore cannot be classified under item 706.62, TSUS, as luggage. Plaintiff urges because the items are not listed and are not within the common understanding of luggage, therefore the goods are properly classified under item 774.55, TSUS[3].

Defendant maintains plaintiff's argument has no merit since the merchandise is undisputedly a "portable storage unit." Defendant urges that because the Rolykit has a secure closure and built-in carrying handle, it is clearly a like item to those listed under Headnote 2(a)(ii). Defendant claims since the merchandise is *ejusdem generis* with the exemplars listed and it appears the intent of Congress was to include the merchandise under item 706.62, TSUS, Customs' classification of the subject merchandise should be sustained.

The Court recognizes:

> [a] presumption of correctness attaches to a classification by the Customs Service, and the importer has the burden of proving that the classification is incorrect * * *. To give effect to this presumption the courts have long imposed a "dual burden" of proof:
>
> the importer must prove not only that the government's classification is incorrect but also that the importer's proposed classification is correct.
>
>     \*      \*      \*      \*      \*      \*      \*
>
> But the trial court cannot determine the correct result simply by dismissing the importer's alternative as incorrect. It must consider whether the government's classification is correct, both independently and in comparison with the importer's alternative.

*Jarvis Clark Co.* v. *United States,* 733 F.2d 873, 876, 878 (Fed. Cir. 1984) (citations and footnote omitted).

Neither party here contends the Rolykits are specifically provided for in the tariff schedules. Customs has classified the merchandise as "luggage", and defendant supports this classification by pointing out its storage purpose and portable nature closely resemble those characteristics of the enumerated articles under Headnote 2(a)(ii) of the tariff definition of "luggage."

---

2. For the purposes of the tariff schedules—(a) the term "*luggage*" covers—
(ii) brief cases, portfolios, school bags, photographic equipment bags, golf bags, camera cases, binocular cases, gun cases, occupational luggage cases (physicians', sample, etc.), and like containers and cases designed to be carried with the person, except handbags as defined herein * * *.
Headnote 2(a)(ii), TSUS (1982).

[3]Item 774.55, as set forth in TSUS, provides in pertinent part as follows:
Articles not specially provided for, of rubber or plastics:
  \*      \*      \*      \*      \*      \*      \*
     Other:
  \*      \*      \*      \*      \*      \*
   Other ........................................ 7.7% *ad val.* (1981)
                                          7.3% *ad val.* (1982)

Plaintiff disagrees with defendant's characterization of the imported goods, stating the merchandise does not resemble those items enumerated under the tariff definition of "luggage" and are not of the type of container Congress intended to include within the coverage for "luggage".

Problems of statutory construction require the Court to first peruse the language employed by Congress in the statute and regard the intent of Congress as expressed in the plain meaning of the words. *Consumer Product Safety Comm'n* v., *GTE Sylvania. Inc.* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed. 2d 776 (1980). Where the meaning is unclear in the text of the statute, and the intent of Congress is not apparent in the legislative history, the Court may resort to rules of statutory construction in providing interpretation for the meaning of the statute. *DRI Industries, Inc.* v. *United States,* 11 CIT 97, 101, 657 F. Supp. 532 (1987), *aff'd,* 832 F.2d 155 (Fed. Cir. 1987).

One rule of statutory construction is that of *ejusdem generis.* This rule applies "whenever a doubt arises as to whether a given article not specifically named in the statute is to be placed in a class of which some of the individual subjects are named * * *." *United States* v. *Damrack Trading Co., Inc.,* 43 CCPA 77, 79 C.A.D. 611 (1956), *rev'd on other grounds, H.W. Robinson Air Freight Corp.* v. *U.S.,* 48 CCPA 148, C.A.D. 782 (1961). "Under the rule of *ejusdem generis,* which means "of the same kind", where an enumeration of specific things is followed by a general word or phrase, the general word or phrase is held to refer to the things of the same kind as those specified." *Izod Outerwear* v. *United States,* 9 CIT 309, 313 (1985). The Court, therefore, looks to the language and enumerated examplars of Headnote 2(a)(ii) and determines whether or not the Rolykits possess common characteristics similar to "luggage" as described and listed in the tariff schedules. *Dri Industries,* 657 F. Supp. at 533 ("The question is * * * whether or not the item at issue does have characteristics in common with the enumerated articles [in Headnote 2(a)(ii)"]). *See also Adolco Trading Co.* v. *United States,* 71 Cust. Ct. 145, 154, C.D. 4487 (1973).

This Court has previously examined the language of Headnote 2(a)(ii) and was affirmed by the appellate court in holding that: (1) " 'a travel requirement' was not intended by Congress for articles covered by Headnote 2(a)(ii)"; and "there [was] no primary design requirement in Headnote 2(a)(ii) and that portability of the tool chests is not the only design factor to be examined." *DRI Industries,* 832 F.2d at 156.

The Rolykit is clearly designed for the purposes of organizing, storing, protecting, and packing various items. The statement of objective for the Rolykit in the patent papers states:

The object of the present invention is to provide a storing or packing device of the above described kind which is suitable for continuous use as a storage box having a large number of easily accessible compartments in which objects of divergent character can be stored.

\* \* \* \* \* \* \*

The uprollable and unrollable storage box of the invention can be used for various purposes, such as for the storage of screws, nuts and other small technical items, or as a sewing box, cigar and cigarette box, bandage box, a tool box or the like.

Exhibit 3 at columns 1–2.

The Rolykit also is designed to be carried by the person. This purpose is also clearly stated in the patent papers:

[T]he container \* \* \* has a sunken hand-grip formed therein. Thus, the storage box can be picked up and carried in the rolled-up state and through this arrangement it is ensured that in setting the box down it comes to rest on said outer element of the row of container elements and thus in the correct position for opening the box.

Exhibit 3 at columns 2–3.

It also has been observed by the Court that plaintiff has been unable to provide evidence that the Rolykit is chiefly used in the household.

Headnote 2(a)(ii) reveals exemplars that are containers and cases designed to be carried by a person, not necessarily in route or travel to any particular destination. The list of exemplars in Headnote 2(a)(ii) also includes "occupational luggage cases" such as "sample" cases which would necessarily contain a variety of assorted items to be stored and carried about within that case. Brief cases and school bags, also included in the Headnote's items, are containers or cases used to store and carry around an assortment of items. These items are not limited to the category of specific items from which these types of "luggage" drive their names. For example, school bags are often used to carry items other than school material.

Plaintiff raises an arguable point, as set forth below:

Wooden utensil and tool cases and similar boxes are not considered to be luggage. The common thread running through all of the examples named in the superior heading to items 240.35 [sic] through 240.45 [sic], TSUS, is that the boxes, cases, and chests are of a type that one would associate with containing or holding particular articles. While all of the articles can be carried with the person, their principal design feature and purpose appears to be for storage rather than carrying from place to place. Each of the cases or boxes derives its name from the particular article which it is designed to hold, much like the examples in headnote 2(a)(ii), but Congress has chosen to distinguish such cases or boxes from the luggage category.

Plaintiff's Brief at 6, *E.C. McAfee & Co.* v. *United States,* Court No. 83–05–00772.

Plaintiff uses language like "principal design feature and purpose" and "common thread" in its argument which the Court has already noted does not become the determinative factor or requirement for an item to be properly classified as "luggage.' *See DRI Industries,* 657 F. Supp. at 533. The important question at issue is whether or not the Rolykit has *characteristics in common* with the enumerated articles.

With regard to plaintiff's argument Congress chose to distinguish the exemplars found in items 204.35–204.50, TSUS,[4] it is clear the underlying characteristic in common with all those exemplars is "all the foregoing [are made] of wood." *TSUS,* Schedule 2, Part 1, Subpart D. Indeed, Schedule 2 covers only wood and paper products and Subpart D covers wooden containers. Congress also specifically set forth in subpart D Headnote:

> *Subpart D headnote:*
>
> 1. The provisions of this subpart do not cover—
>
> (i) *luggage,* handbags, or flat goods (see part 1D or schedule 7);
> (ii) furniture (see part 4A of schedule 7);
> (iii) cases for musical instruments (see part 3B of schedule 7);
> (iv) cases or containers imported and classifiable with articles provided for in part 3E of schedule 6 or in part 2 of schedule 7; or
> (v) cases suitable for pipes or for cigar or cigarette holders (see part 9B of schedule 7).

*Id.* (emphasis added). Congress chose to make a clear distinction between cases and boxes and "luggage" only when those items are made of wood. Congress chose not to make such a distinction when the items are *not* made of wood. The Court will not make a similar presumption about Congress' intent as it regards items *not* made of wood.

The Court has carefully considered Headnote 2(a)(ii) in light of the doctrine of *ejusdem generis,* the exhibits submitted by the parties, and the arguments of both parties and concludes the Rolykit "is properly classified "luggage" under item 706.62, TSUS existing as 'like containers and cases designed to be carried with the person * * *.' akin to the exemplars listed in [Headnote] 2(a)(ii). *Dri Industries,* 657 F. Supp. at 533. The Rolykit has definite and distinct

---

[4]The items plaintiff refers to are set forth in the TSUSA as follows:
Jewelry boxes, silverware chests, cigar and cigarette boxes, microscope cases, tool or utensil cases, and similar boxes, cases, and chests, all the foregoing of wood:

| | | |
|---|---|---|
| 204.35 | Cigar and cigarette boxes ..................................... | |
| | Other: | |
| 204.40 | Not lined with textile fabrics ......... | |
| 204.50 | Lined with textile fabrics ............ | |

*TSUSA,* items 204.35 and 204.50 (1982).

characteristics in common with the enumerated articles found in Headnote 2(a)(ii). It is light, portable, and durable enough to be carried about conveniently by any person. It is designed to store many items in an organized fashion, but is also designed with a built in handle for not merely storage but transportability. It is presumably an odds and ends case, but can also be used as a tool case or hardware case. Although it is marketed in hardware stores, it presumably could be marketed in department and five and dim stores.

Plaintiff has not sustained its burden in establishing for the Court that Customs' classification is erroneous. Contrary to plaintiff's argument, the Court finds Congress' intent behind the definition of the word "luggage" was to encompass items such as the Rolykit. The Court also finds, independently, and in comparison with plaintiff's alternative classification, that Customs' classification of the Rolykits as "luggage" under item 706.62, at 20 percent *ad valorem* is correct.

### Conclusion

For the reasons stated above, Customs' classification of the merchandise, and assessment of duty thereunder, is sustained and this action is hereby dismissed.

Judgment will be entered accordingly.